LARKIN .F. WOOD and another, for the use of Hills and Sinnott,
v. R. M. BOYERS and another.

*Where two persons are indebted to each other, compensation takes place from the moment the two debts co-exist. They extinguish each other, by the mere operation of law, to the amount of their respective sums.*

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*I. W. Smith*, for the appellants.

*Micou*, for the defendants.

MORPHY, J. ' This suit is brought on a bill of exchange for .$2982 15, drawn by the 'defendants, in favor of Peters and Millard, on the firm of L. F. Wood & Sinnott, the present plaintiffs, and by them accepted, payable on the 15th of January, 1840. They allege that they paid this bill at its maturity, without any funds or property of any description having been placed in their hands by the drawers. The answer admits that the plaintiffs accepted and paid the bill sued on, as they set forth in their petition; but avers that, at the time of such acceptance and payment, they stood indebted to the defendants in the sum of $2464 44, being the amount of a bill of exchange which plaintiffs had accepted, in their favor, dated the 8th of July, 1838, payable six months thereafter, and which they, the acceptors, failing to pay at maturity, the defendants were obliged, as endorsers, to pay, and which they have ever since held. The answer further avers that the defendants are entitled to interest on said bill, and to the costs of protest, and prays that they be allowed to plead the same in compensation. There was a judgment below in favor of the plaintiffs for two hundred and eighty-five dollars and fifty-one cents, with five per cent interest, from the 15th of January, 1840. *Being* dissatisfied with this judgment, the plaintiffs have äppealed.

The only question ·presented by the pleadings is, whether the defendants' plea in compensation be well founded; and it presents, in our opinion, not the slightest difficulty. The evidence clearly shows that at the time the plaintiffs paid the accommodation acceptance on which they sue, they were indebted to the defendants in the amount of the draft which they had accepted in their favor. From the moment that the two debts co-existed, they

extinguished each other, by the mere operation of law, to the amount of their respective sums, and defendants remained liable only for the difference.    If, since that time, Hills and Sinnott, for whose account this suit is brought, have become the owners of the bill sued on, they became entitled only to the surplus standing in favor of their assignors, and can recover no more. The plaintiffs have failed to show that their acceptance has ever been paid, or that it was made by L. F. Wood alone, for his individual benefit.

*Judgment affirmed.*